BOURDIN, J.,
delivered the opinion of the Court:
This is an action of debt, brought in the County Court, on a note in writing for the payment of sixty-four dollars, in good State Bank paper, payable one day after date, for value received. The declaration states no consideration, nor does it aver that it was for value received, and in describing the note, says nothing of Bank paper. The declaration is demurred to, because no consideration is averred, and the demurrer being over-ruled, the Defendant objected to the note being given in evidence, on the ground of a variance; but the note was allowed to be given in evidence, and judgment rendered for the Plaintiff. A Supersedeas was rewarded by the Superior Court, and at the hearing, the Case was adjourned to this Court on six points; but all of them are included in the questions, whether the demurrer should have been over-ruled, and whether the note should have been received as evidence under the declaration.
The first question is decided by the Act of Assembly, which gives an action of debt on a note in writing for the payment of money or tobacco. The common form of declaring on this Act, as well on that which gives the action of debts on Bills of Exchange, is to state that the paper sued on was made or transferred for value received. But, under this Act, it is not needful to use those words, or others of like import: It sufficeth, if the note be in writing, and for the payment of money or tobacco. And though there be nothing in the Act which gives the note the other qualities of a deed, yet, as it regards the action given, the form of declaring is the same as on a single bill under seal, except that profert need not be made. The plea is different; nil debet is the plea, which calls for proof of the note, and allows ^'evidence to be given by the Defendant that the consideration is bad, or that it is without consideration.
The common averment, that the note was made for valuable consideration, or “for value received,” ought to produce no difficulty here, because there is no case where *350 a consideration is needful to be laid, in which this general allegation is held sufficient.
The action is either founded on the note, or on the contract which caused it to be made. In the latter, debt lay at Common Law, and if it still is needful to state it in the declaration, the Act of Assembly, though it says so in so many words, does not give an action of debt on the note, and has no operation. The demurrer, therefore, was rightly over-ruled. This^decision is not in opposition to those Cases in the Court of Appeals, in which it has been decided, that in Assumpsit, a consideration must be averred and proved.
Whether the note is sufficiently described in the declaration, is more doubtful; but we think that it is. A note for the payment of so much money in a named commodity, on a certain day, is, after the day passed, a note for the payment of money. It is, therefore, here set out according to its legal effect at the time; and we think that State Bank paper was not here mentioned, as contradistinguished from money, but from other paper in circulation, then less valuable than money. In the whole, we are of opinion, that the judgment of the County Court should be affirmed, and that it should be so certified to the Superior Court of Mason.